# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY McKENNA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22CV00002 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BRISTOL VA. CITY POLICE** ) | JUDGE JAMES P. JONES |
| **DEPARTMENT, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

*Tony McKenna, Pro Se Plaintiff; Jim H. Guynn, Jr. and Emily K. Stubblefield,* GUYNN, WADDELL, CARROLL & LOCKABY, P.C., *Salem, Virginia, for Defendants.*

In this civil action removed from state court, the plaintiff asserts claims under 42 U.S.C. § 1983 arising out of an interaction with officers of the Bristol, Virginia, Police Department. The defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, I will grant in part and deny in part the Motion to Dismiss. I will also grant in part and deny in part the plaintiff's motion to amend his complaint. The case will be permitted to proceed as to certain Fourth Amendment claims against three individual police officers.

I.

A.

Plaintiff Tony McKenna originally filed this action in the Circuit Court of the City of Bristol, Virginia. The defendants filed a Demurrer, and McKenna moved to amend his complaint. On December 28, 2021, the state court granted his motion for leave to amend. On January 12, 2022, the defendants removed the action to this court based on federal question jurisdiction. The defendants then jointly filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). McKenna filed a timely response and requested to amend his complaint a second time. The defendants filed a reply brief as well as a brief opposing the motion to amend. The motions are now fully briefed and ripe for decision.[1]

B.

The operative Amended Complaint asserts claims against "Bristol VA. Police Department[;] The City of Bristol, Virginia[;] Ofc. Green, Bristol City Police[;] Ofc. Erickson, Bristol City Police[;] Assistant Commonwealth's Attorney, Tim Boyer[;] and one unidentified Bristol Virginia police Officer[,] Now identified by Police Chief as Ofc. Charles Thomas Jr Bristol VA city police." Am.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Compl. 3, ECF No. 1-4.[2]  The plaintiff asserts that he is bringing claims pursuant to "42 U.S. Code 1983 civil action for deprivation of rights[, and] pursuant to Virginia state laws, U.S. Code, the Constitution of the United States, Bill of rights at the 4th 5th and 14th Amendments."  *Id.* at 4.  He also references "[g]ross negligence and/or willful, wanton negligence" and asserts that "City of Bristol failed to assure proper training of Police officers and other city, county, state employees. Or, violators simply chose to ignore training."  *Id.*  The Amended Complaint sets forth ten counts.

Count 1 is based on alleged violations of Va. Code Ann. § 18.2-22 and 18 U.S.C. § 241.  The facts set forth in support of this claim areas follows:  "On June 6th 2021 Assistant Commonwealth's Attorney, Tim Boyer, Ofc. Green, Ofc. Erickson and one other unnamed officer (unnamed officer videoed with police body cam attacking me in my home).  The above named conspired against me in order to get me to surrender my constitutionally, protected rights."  *Id.*  McKenna writes that the named defendants unlawfully entered his home.

Count 2 is based on an alleged violation of Va. Code Ann. § 18.2-282.  The following facts are alleged in support of this count:

> Unnamed officer kicked open my door with gun drawn to achieve by force and threat, to coerce obedience and compliance for me to surrender the safety of my constitutionally protected home.

---

[2] Because neither the pages nor the paragraphs of the Amended Complaint are numbered, citations are to the ECF pagination.

> Dragging me out of my private home into a semi public breeze way. Removing me from a private place that would require a warrant, to a semi public place where I might be subject to a possible resisting arrest and or obstruction of law charge. Under threat of bodily harm I was forced to surrender my right to exercise my right to be secure in my home and be silent.

*Id.* at 5.

Count 3 purports to be based on an alleged violation of Va. Code § 18.2-121. The facts alleged in support of this count are:

> Unnamed officer extracted me from the safety of my home protected by 4th amendment and placed me in a semi public place where I no longer have the protection of the requirement of a 4th amendment warren [sic]. Provoking me to possible assaulting an officer or resisting arrest charges, although unlawful.

*Id.*

Count 4 asserts a violation of Va. Code § 18.2-57 and sets forth the following facts:

> Unnamed officer made an assault on my home and my person by kicking in the door, with his gun drawn at the ready, grabbing my arm and pulling me out. No warrant, no emergency, no exigent circumstances and no hot pursuit. But simply to serve a civil complaint. This is an unlawful act under color of law.

*Id.*

Count 5 states that it is based on an alleged violation of Va. Code Ann. § 18.2-404. It sets forth the following facts: "Unnamed officer blocked my path to the protection of my leased property thereby denying me the protection of the 4th amendment." *Id.* at 6.

In Count 6, McKenna relies on Va. Code Ann. § 18.2-57 and alleges, "Unnamed officer, under color of law, after dragging me from my constitutionally protected environment, attacked me a second time by slapping my hands while my hands were behind my back with no threat to him." *Id.* He alleges that he asserted his rights and the officer responded, "YOU HAVE NO RIGHTS." *Id.*

Count 7 is based on an alleged violation of Va. Code Ann. § 18.2-47. Here, McKenna alleges the following:

> By instruction from Assistant Commonwealth's Attorney Tim Boyer, Ofc. Green, Ofc. Erickson, and one unidentified Bristol Virginia police Officer, (shown in body cam footage, trespassing, assaulting and battering me) took me by force, intimidation and deception, without legal justification, and imprisoned me. Kept me imprisoned, in hand cuffs and leg irons. Only on the condition that I surrender my constitutional rights to papers and effects, would they release me.

*Id.*

In Count 8, which purports to be based on Va. Code Ann. § 19.2-59, McKenna alleges:

> Officer Erickson unlawfully searched my person outside at the patrol car and took my property. Officer Erickson ordered me to enter the car. At that point I informed officer Erickson that I was disabled and needed help getting into the very confined space. He then grabbed my pants leg and used his shoulder to shove me into the car injuring my shoulder and chest.

*Id.* at 7.

Count 9 asserts a claim based on 18 U.S.C. § 4 and the Fourteenth Amendment. In this count, McKenna alleges, "Not only did Officers Ericsson and

Green failed to protect me from the abuse of the unnamed officer in the body cam footage, but also failed/or chose not to, report the same." *Id.*

Finally, Count 10 purports to be based on 18 U.S.C. § 242 and states, "There can be no excuse for a police officer to think they don't need a warrant to enter the private residence and pull me out, when there is no hot pursuit, no emergency, no crime witnessed, no probable cause or any other lawful reason to do so." *Id.* In this count, McKenna goes on to allege:

> On June 6th 2021 Assistant Commonwealth's Attorney, Tim Boyer, Ofc. Green, Ofc. Erickson and one other unnamed officer (unnamed officer videoed with police body cam attacking me in my home) conspired against me in order to get me to surrender my constitutionally, protected rights. I was Trespassed upon, Threatened with a firearm, Assaulted, Battered, Abducted, and then Falsely Imprisoned.

*Id.* He further alleges that Officers Green and Erickson did not report the actions of the unnamed officer.

McKenna seeks compensatory damages, punitive damages, fees, and costs. The defendants contend that he has failed to state any cognizable claims for relief.

## II.

A pro se[3] complaint "must be liberally construed[,] however inartfully pleaded." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (internal quotation marks, emendation, and citation omitted). Federal pleading standards

---
[3] McKenna is confused about the meaning of the term "pro se." It simply indicates that he is representing himself.

require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id.* A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

A § 1983 claim requires proof of the following three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). States and government officials sued in their official capacities for monetary damages are not "persons" for purposes of § 1983. *Hafer v. Melo*, 502 U.S. 21, 26–27 (1991). Government officials sued in their

individual capacities are "persons" within the meaning of the statute, although they may be entitled to qualified immunity. *Id.* at 26.

The defendants contend that all counts of the Amended Complaint that rely solely upon state statutes must be dismissed because an alleged violation of a state statute cannot form the basis of a § 1983 claim. The defendants are correct in this regard. *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016 (explaining that "[t]o state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States") (internal quotation marks and citation omitted). I will dismiss Counts 2, 3, and 5 because they are grounded only in state law and do not set forth any plausible claims under § 1983.

Count 1 cites 18 U.S.C. § 241, which prohibits two or more persons from "conspir[ing] to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." Section 241 is a criminal statute, however, and it does not "give rise to civil liability or authorize a private right of action." *Capps v. Long*, No. 20-6789, 2021 WL 4843568, at *2 (4th Cir. Oct. 18, 2021) (unpublished) (citing *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *Robinson v.*

*Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).  I will therefore dismiss Count 1 as well, as it fails to state any viable claim for relief.

Counts 9 and 10 reference 18 U.S.C. § 4, misprision of a felony, which makes it a federal crime to have actual knowledge of the commission of a federal felony and to conceal it and fail to notify a judge or other person in authority as soon as possible.  This, too, is a criminal statute and does not create any right in the plaintiff or give rise to any civil action.

Count 9 further cites the Fourteenth Amendment, with emphasis placed upon the Equal Protection Clause.  To succeed in an such a claim, McKenna must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (internal quotation marks and citation omitted).  McKenna has not alleged any facts that suggest he was treated any differently from any other person.  Count 9 fails to state any viable claim for relief under § 1983.

Count 10 also cites 18 U.S.C. § 242, a federal hate crime statute that criminalizes depriving a person of rights under color of law because of the person's race, color, or lack of citizenship.  Section 242 is also a criminal statute and does not create any rights in the plaintiff.  Moreover, McKenna has not made any

allegations relating to his race, color, or citizenship status. Counts 9 and 10 must be dismissed for failure to state a claim upon which relief can be granted.

Liberally construed, however, Counts 4, 6, 7, and 8 set forth plausible claims under § 1983 that the individual defendants violated McKenna's rights under the Fourth Amendment. Subject to certain limited exceptions, the Fourth Amendment to the Constitution prohibits the seizure of a citizen by law enforcement without probable cause to believe the person has committed a crime. U.S. Const. amend. IV; *Bailey v. United States*, 133 S. Ct. 1031, 1037 (2013); *Herring v. United States*, 555 U.S. 135, 136 (2009). "Probable cause requires more than 'bare suspicion' but requires less than evidence necessary to convict" the person of a crime. *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Id.* (quoting *Gray*, 137 F.3d at 769).

The Fourth Amendment right to be free from unreasonable seizure encompasses seizures accomplished by excessive force. *Jones v. Buchanan*, 325 F.3d 520, 527 (4th Cir. 2003). The Fourth Amendment also generally requires a warrant to enter a person's home, although there are exceptions to this requirement. *United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021) ("The Fourth Amendment bars police from making a 'warrantless and nonconsensual

entry' into an individual's home in order to effect a 'routine felony arrest.'") (quoting *Payton v. New York*, 445 U.S. 573, 576 (1980)).

In addition, the Fourth Amendment prohibits unreasonable seizures of a person's effects. U.S. Const. amend. IV. Property is seized whenever "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). As a general rule, a seizure of personal property is "*per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized." *United States v. Place*, 462 U.S. 696, 701 (1983). Here, too, exceptions apply, but it is not necessary to address them at this procedural stage.

Count 4 alleges that an unnamed officer (identified elsewhere in the Amended Complaint as officer Charles Thomas, Jr.) forcibly entered McKenna's home without a warrant when there was no emergency or exigent circumstance, "simply to serve a civil complaint." Am. Compl. 5, ECF No. 1-4. Count 4 further alleges that Officer Thomas grabbed McKenna's arm and pulled him from the home. If true, these facts could support a § 1983 claim against Thomas based on violation of McKenna's Fourth Amendment right to "be secure in [his] . . . house[] . . . against unreasonable searches and seizures." U.S. Const. amend. IV.

Count 6 alleges that Officer Thomas "attacked [McKenna] a second time by slapping [his] hands while [his] hands were behind [his] back with no threat to him."  Am. Compl. 6, ECF No. 1-4.  This allegation sets forth a plausible claim that Thomas applied excessive force in violation of McKenna's Fourth Amendment right to be free from unreasonable seizures.

Count 7 alleges that Officers Green, Erickson, and Thomas "took [McKenna] by force, intimidation and deception, without legal justification, and imprisoned [him]."  *Id.*  McKenna further alleges that they did so at the direction of Boyer.  These allegations plausibly state a claim against these four defendants of unreasonable seizure in violation of the Fourth Amendment.

Count 8 alleges that Officer Erickson unlawfully searched McKenna's person, seized his property, and shoved him into a car, causing him physical injury.  These facts, although sparse, plausibly state claims that Erickson violated McKenna's Fourth Amendment rights to be free from unreasonable searches and seizures.

I will therefore deny the Motion to Dismiss with respect to Counts 4, 6, 7, and 8 as to the specified defendants.  I emphasize that I make no findings as to the veracity of McKenna's factual allegations; at this procedural stage, I must accept his version of the facts as true.  The Amended Complaint does not state any

plausible claims against the Police Department or the City of Bristol, and those defendants will be dismissed.[4]

### III.

Federal Rule of Civil Procedure 15 provides that in order to amend his complaint at this juncture, McKenna must obtain either the defendants' consent or leave of court.[5] The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, "a district court has discretion to deny a motion to amend a complaint, so long as the court does not 'outright refus[e] to grant the leave without any justifying reason.'" *Howard v. Lakeshore Equip. Co.*, 482 F. App'x 809, 811 (4th Cir. 2012) (unpublished) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Denial of leave to amend is appropriate "when the amendment would be prejudicial to the opposing party," when the plaintiff has acted in bad faith, or when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks and citations omitted). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to

---

[4] To the extent McKenna attempts to assert a claim of municipal liability for failure to train, I find that he has not alleged sufficient facts to raise such a claim above the speculative level, and any such claim therefore is not plausible.

[5] Although McKenna first amended his complaint while the case was pending in state court, that earlier amendment still counts as his amendment as of right under Federal Rule of Civil Procedure 15(a)(1), and he must now seek leave to amend his complaint further. *Daulatzai v. Maryland*, 338 F.R.D. 587, 588–89 (D. Md. 2021).

dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks and citations omitted).

In his proposed Second Amended Complaint, McKenna states that he is bringing a so-called "class of one" equal protection claim under the Fourteenth Amendment. Second Am. Compl. 1, ECF No. 13-3. But even for a "class of one" claim, the plaintiff must "allege[] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willis v. Town of Marshall*, 426 F.3d 251, 263 (4th Cir. 2005) (internal quotation marks and citation omitted). Here, McKenna makes no such allegation. McKenna also refers to the equal protection clause of the Fifth Amendment, but such a claim is not cognizable either. Therefore, the proposed Second Amended Complaint is futile to the extent it seeks to assert an equal protection claim under either the Fifth or Fourteenth Amendment.

The "Statement of Claim" portion of the proposed Second Amended Complaint, appearing before the individual counts, states some additional factual allegations.

> On June 6th 2021 Assistant Commonwealth's Attorney, Tim Boyer, ofc. Green, ofc. Erickson and ofc. Charles Thomas Jr, conspired against me in order to get me to surrender my constitutionally, protected rights. I was Trespassed upon, Threatened with a firearm, Assaulted, Battered, Abducted, searched without a warrant, and then Falsely Imprisoned. After interviewing me about a complaint by a neighbour [sic], Three officers named above, came back to serve me with an emergency protective order, which I

>expressed my willingness to accept. They said they need a drivers [*sic*] license and social security number which I told them they could not have. We argued the law and they said they would comeback [*sic*] with a warrant. Instead of coming back with a warrant they told me they would arrest me for Obstruction of Justice. After I received, a copy a police report I find in it that while they did not get a warrant, they were advised by Tim Boyd, The Commonwealths [*sic*] Ass[istant] Attorney to arrest me for Obstruction of justice.

Second Am. Compl. 2–3.

Count 1 of the proposed Second Amended Complaint continues to rely upon Va. Code Ann. § 18.2-22 and 18 U.S.C. § 241, which, as explained above, cannot form the basis of a § 1983 claim. The additional facts do not render this claim cognizable. The proposed Second Amended Complaint is futile as to Count 1.

Count 2 is not substantively different from the Amended Complaint, and the additional facts do not render it cognizable. The proposed amendment is futile as to Count 2.

The amended version of Count 3 adds that Officer Thomas told McKenna, after removing him from his home, "You are not going back in there." Second Am. Compl. 4, ECF No. 13-3. This count remains fatally flawed for the reasons stated above, and the proposed amendment would be futile.

Count 4 remains essentially the same, but also references the Fifth Amendment's due process clause. McKenna has not stated any facts that would support a Fifth Amendment due process claim, so the amendment in that respect would be futile.

Count 5, as amended, seeks to assert a claim based on McKenna's constitutional freedom of movement. He does not point to any particular constitutional provision setting forth such a right, and I find that the facts set forth in this count do not plausibly state a constitutional violation. The revised Count 5 also references the state constitution, but as explained above, a § 1983 claim must be based upon a violation of a federal right. The proposed amendment as to Count 5 would be futile.

The amended version of Count 6 seeks to add a Fifth Amendment due process claim. Again, the plaintiff has not alleged any facts that would support such a claim. The proposed amendment is therefore futile as to Count 6.

Count 7, in its amended form, also seeks to add a claim that the defendants violated McKenna's "5th amendment right to liberty, freedom of movement." *Id.* at 5. Again, McKenna has not stated any facts that would support a claim under the Fifth Amendment, so this amendment would be futile. The amended version of Count 7 alleges that Erickson intimidated McKenna by threatening further charges and later called him a derogatory name. I find that these new facts and the other commentary set forth in Count 7 of the proposed Second Amended Complaint do not support any additional causes of action beyond the Fourth Amendment claim contained in the Amended Complaint.

The proposed revised version of Count 8 adds an allegation that Officer Thomas assisted Officer Erickson in searching McKenna's person. Additionally, the revised version of Count 8 alleges that Erickson mocked McKenna and ignored his need for care. I find that the proposed amendment is proper insofar as it asserts a Fourth Amendment claim of unreasonable search and seizure against Thomas. The remaining additional allegations do not create any further right to relief.

The revised version of Count 9 asserts more clearly an equal protection claim, but the facts alleged do not support such a claim under either the Fifth or the Fourteenth Amendment. The proposed amendment of Count 9 would therefore be futile.

The proposed amended Count 10 adds the following explanation of McKenna's asserted claim:

> Conspiracy to deny me my constitutionally protected rights under the 4th, 5th and 14th amendment resulting in damages to me, the plaintiff. Striped [sic] of my rights under color of law, abducted and placed in building with locked doors and bars making it impossible for me to leave. violation of my 5th amendment right to liberty, freedom of movement in a successful attempt to take my personal papers/information. Social security number. Now that number is in the police report making it open to the public, ripe for thief.

*Id.* at 7. In furtherance of the asserted claim against Boyer, McKenna asserts:

> Persons acting under color of law include police officers, prisons guards and other law enforcement officials, and prosecutors. As in Burns v. Reed, 500 U.S. 478 (1991) "prosecutors who act in investigative capacity are NOT immune". **Out of court activities,

>such as participation in search warrant or giving advice to police are NOT protected by immunity.\*\*

*Id.*

This revised version of Count 10 purports to assert claims of violations of constitutional rights. It does not state any cognizable claims under the Fifth or Fourteenth Amendment, for the reasons stated above. The amendment is futile as to such claims.

In regard to the claim that defendants Boyer, Green, Erickson, and Thomas conspired to violate McKenna's Fourth Amendment right against unreasonable search and seizure, I find that McKenna has not alleged sufficient facts regarding the conspiracy to allow the claim to proceed, and thus I will not allow the proposed amendment to assert this conspiracy claim against these four defendants.

A plaintiff must make specific allegations that reasonably lead to inferences that members of the alleged conspiracy shared the same conspiratorial objective to try to "accomplish a common and unlawful plan" to violate the plaintiff's federal rights. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). As such, a complaint's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Id.* at 422. Merely labeling a chronological series of actions by multiple individuals as "conspiracy" or providing only a conclusory, formulaic recitation of the legal elements of conspiracy will not do. *Snodgrass v. Messer*, No.

7:16CV00050, 2017 WL 975992, at *3 (W.D. Va. Mar. 10, 2017), *aff'd*, 694 F. App'x 157 (4th Cir. 2017) (unpublished).

In summary, I will grant the Motion to Amend and will allow the proposed Second Amended Complaint to be filed. However, the case will proceed only as to the following claims against the following defendants:

1. Count 4, a Fourth Amendment claim against Thomas;

2. Count 6, a Fourth Amendment claim against Thomas;

3. Count 7, a Fourth Amendment claim against Boyer, Green, Erickson, and Thomas; and

4. Count 8, a Fourth Amendment claim against Thomas and Erickson.

McKenna indicates in his filings with the court that he has attempted unsuccessfully to retain an attorney to represent him in this case. While he has the right to proceed without a lawyer, it will be difficult for him to do so without a lawyer's assistance, and I suggest that he continue to seek counsel to represent him. He may wish to consult the Virginia Lawyer Referral Service, which can be reached at (800) 552-7977.

IV.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss, ECF No. 9, is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to Counts 4, 6, 7, and 8

to the extent they assert claims against Boyer, Green, Erickson, and Thomas in their individual capacities under 42 U.S.C. § 1983 for violation of the plaintiff's Fourth Amendment rights. The motion is GRANTED in all other respects;

2. The Motion to Amend, ECF No. 13, is GRANTED IN PART and DENIED IN PART. The Clerk is directed to file the proposed Second Amended Complaint, ECF No. 13-3, as a separate docket entry;

3. The case will proceed only as to Counts 4, 6, 7, and 8 of the Second Amended Complaint, and solely as to the Fourth Amendment claims set forth within those Counts, and as to the individual defendants identified above and all other Counts and defendants are DISMISSED; and

4. The Clerk is directed to terminate defendants Bristol VA City Police Department and City of Bristol.

ENTER: March 2, 2022

/s/ JAMES P. JONES
Senior United States District Judge