CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

FEB 21 2023

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON

Tony McKenna

Case No. 1:22CV00002

V.

Ofc. Green, Bristol City Police
Ofc. Erickson, Bristol City Police
Ofc. Charles Thomas Jr Bristol Bristol City police

Now Comes Tony McKenna Plaintiff, to object to Defendants Memorandum to Show Cause document 48.

## Defendants Assertions are Irrelevant and Frivolous and to this lay person looks like just an excuss to create billable hours.

The Defendants claim the Judge failed to, 1)view the record in the light most favourable to the

Defendants and in doing so, 2) denying defendants qualified immunity. And 3) failed to recognize the

statutory duty of the officers.

These claims are obviously not true. There are no inferences that can overcome the facts shown in the

body cam. And then a look at the obviously false statement made by officers shown through 2 different

sworn statements destroys and inferences that counsel is now making. And as for Thomas's fear factor,

According to the police report he was not even there. The senior officer there was officer Erickson and

Officer green was on the job for only 2 weeks according to him. Inferences made only back the

Plaintiff.

Taking inferences into consideration does not mean ignoring other inferences that support the Plaintiff.

There are no factual inferences that benefit the defendants. There are ample inference to benefit the

Plaintiff. If there was no body cam, inferences might be in favour of the defence, but video, the

flip flopping sworn testimony of defendants, the false police report, and the fact that the witness

council refers to, stated a rumour about a gun, saying "I don't know, I heard", is not Factual Inference.

If this is made the standard for every domestic dispute then statistics of gun ownership in the Southern

States alone would be probable cause for kicking in the doors of people who properly express their

constitutionally protected rights. There is nothing to indicate that Officer Thomas was in fear of the

plaintiff. On the contrary, officer Thomas seemed to have no fear when talking to plaintiff at the top of

the steps. And in the second video officers Green and Erickson, even while McKenna was expressing

constitutional rights showed no fear, but did show irritation and unwillingness to treat me equally by

not taking my complaint about obnoxious pot smoke (illegal at the time) coming from the apartment
below.

Later both officer Thomas and Erickson expressing disrespect to the plaintiff through the whole event.

All "inference" do show that, not only did officers exhibit malice and disregard for basic rights but the

fact that Officer Thomas acting in the way he did, an inference could also be make by the fact that Both

Misty Thomas and Officer Thomas have the last name. No indications of fear, but inferences of bias.


    The Statutory Duty of officers first and foremost is to the very basic oath they took to defend

and protect the Constitution of the United States. That means the rights and protections of the people of

which laws are written for. Unlike other nations, our government is established for and by the people.

The Bill of rights is very basic. The fort amendment says government has to have a warrant. This is

common knowledge of the unwashed masses as well as the people given authority to protect us.

Coming to the home of the poor  should be treated equally as going to a Governors mansion to serve

papers.

    Council goes on to page 3 talking about Qualified Immunity. Council suggests the law was not

clear. Yes the law is clear. Without extraordinary circumstances, you need a warrant And no judge is

going to give a search or arrest warrant for somebody exercising his right to be silent and not turn over

protected documents that may or may not be in existence. Extraordinary circumstances require

probable cause. And probable cause requires prima facie evidence. In this case there was non of the

above.

Also it has already been determined that The Commonwealths attorney did not tell officers to

make an arrest. Both officers and the Commonwealth agreed on this.

Council rely on other court cases to make a case. While one may have an element similar to this

case it lacks other elements needed to support it. Extraordinary circumstances, probable cause, and

prima facie evidence, etc.

Even councils own case citing Epperson v. Payne quoting Anderson, 477 U.S. At 249

"*At this stage, however, the Courts role is not to weigh the evidence, but to simply determine whether a genuine dispute exists making it appropriate for the case to proceed to trial*".

Also Koehn v. Indian Hills Cmty. Coll. 317 F.3d 394, 396 (8th Cir2004). *It has been noted that "summary judgement is particularly appropriate ...where the unresolved issues are primarily legal rather than factual" in nature.*

Qualified Immunity would stop a case from going to trial. Making this a matter of law, if we can

even say that being that the rules on Qualified Immunity were made by the Courts and not the

legislature. That said, it is certainly not a job for the jury, finders of fact. This is the role the judge has

taken and rightly so.

Despite what conical is putting forth, it is still up to police officers to know the very basic rights

of the citizen and to protect them as they swore to. The officers should have told themselves, "No, this

is not right without a warrant".

Council talks about the "Duty of the Officers.

Council goes on to say that it is the duty of the officers to "Obtain" information for the VCIN. And the

alarming importance is to stop plaintiff from buying a gun and using it after service. Well, does this not

also defeat their argument of fearing for their lives under exigent circumstances.

While it is the duty of an officer to submit information it is not the duty of the person being served, for

whatever the reason before arrest. And for any arrest there must be a sworn, verified complaint, or

probable cause that a crime has been committed. And the claim and exercise of rights is not a crime.

And last, Council claims McKenna committed the crime of Obstruction of Justice. Council wants to convince a jury that protecting their rights is a crime.

Defence asked for a summary Judgement and they got one. Just not the one they wanted. Now they are changing their arguments just like they changed defendants sworn testimony to manipulate an out come.

## Conclusion

Councils arguments do not square with the facts and all inferences do square with the plaintiff. With respect, for the reasons above, the judges order should stand.

Respectful

Plaintiff

Tony McKenna,
837 Portsmouth Ave.
Apt F-12 Bristol VA 24201
(Now 249 New Haven LN. Apt 205) Ph# 276-494-0477

I certify that on the date of this filing a copy of this has or will be sent to
Guynn Waddell, Carroll & Lockaby
415 S College Ave
Salem, VA 242153