IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
      DEPUTY CLERK

| | |
|---|---|
| TONY McKENNA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22CV00002 |
| ) | |
| v. ) | **SCHEDULING ORDER** |
| ) | |
| POLICE CHIEF, BRISTOL VA CITY ) | JUDGE JAMES P. JONES |
| POLICE DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

It appearing proper, it is **ORDERED** as follows:

**Trial**

1. This case is set for a jury trial as to the plaintiff's damages in Abingdon beginning at 9:00 a.m. on August 6 and 7, 2025.

2. Any proposed jury instructions must be filed no later than July 30, 2025. A copy of proposed instructions in Word must also be sent to Judge Jones' chambers by email to jamesj@vawd.uscourts.gov.

3. A final pretrial conference may be later scheduled by the court.

4. If the case is settled, the court will dismiss the case from the docket. If no agreed final order or judgment is thereafter submitted within 60 days, or if no

party files a motion to reopen within such time, the case shall, without further order, stand dismissed with prejudice.

## Motions

5.   A supporting brief must accompany all motions, unless the motion itself contains the legal argument necessary to support it.  If the motion is opposed, a brief in opposition must be filed within 14 days of the service of the movant's brief.  If the moving party desires to submit a reply brief, it must be filed within 7 days of the date of service of the brief opposing the motion and in no event, later than the day before any hearing on the motion.  A party must provide the court with a courtesy hard copy of any brief filed by that party that exceeds 50 pages, including any attached exhibits or other attached material.  A party may request a hearing on a motion but is not required to make such a request.  The court will determine in its discretion whether to conduct a hearing on any motion.  Hearings may be in person or held remotely, at the discretion of the court.

6.   If a motion is unopposed and the moving party certifies such fact in the motion, no brief need be filed, nor response made to the motion unless the court directs.  Procedural motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a

response, and any party adversely affected by such action may request reconsideration, vacation, or modification of such action.

## Discovery

7. Any discovery must be completed by July 7, 2025. This schedule requires that written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

8. Discovery and disclosure material is not to be filed unless and until used in a proceeding, except as to the disclosures and objections thereto under Rule 26(a)(3) of trial witnesses and exhibits, which must be filed.

9. All discovery disputes are hereby referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, for hearing and determination, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). The briefing requirements set forth in this order do not apply to motions before the magistrate judge, who shall determine any briefing requirements with respect to such motions.

## Witnesses

10. The parties must disclose expert testimony as required by Rule 26(a)(2) no later than May 15, 2025. Rebuttal expert disclosures must be made within 14 days after any initial expert disclosures.

11.    Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than 14 days after the disclosure of the expert's testimony.

12.    No later than July 23, 2025, the parties must make the pretrial disclosures of witnesses and exhibits required by Rule 26(a)(3).  The parties must make objections to deposition testimony and exhibits within 7 days thereafter.  The listing of a potential objection does not constitute the making of that objection or require the court to rule on the objection; rather it preserves the right of the party to make the objection when and as appropriate during trial.  No objection is needed and should not be listed based upon Federal Rule of Evidence 402 (relevancy) or Rule 403 (prejudice, confusion, etc.).

## Mediation

13.    The court may refer the case to U.S. Magistrate Judge Pamela Meade Sargent to conduct mediation proceedings.  The parties must engage in meaningful negotiation before the court will consider such referral.

ENTER:  March 6, 2025

/s/ JAMES P. JONES
Senior United States District Judge