CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 21, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY McKENNA,** | ) |
| Plaintiff, | ) Case No. 1:22CV00002 |
| v. | ) **TRIAL ORDER** |
| **POLICE CHIEF, BRISTOL VA CITY POLICE DEPARTMENT, ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

This case is scheduled for jury trial beginning on **August 6, 2025,** at 9:00 a.m. at the Federal Courthouse at Abingdon. Two days are allowed for trial. Accordingly, it is **ORDERED** as follows:

1. The jury will consist of 8 persons. A list of the potential jurors to be called for the case will be sent to the parties prior to trial. Fourteen prospective jurors from a random list of the potential jurors will be placed in the jury box. Counsel will be permitted to conduct voir dire to these persons after preliminary questions from the court. Following voir dire, any party having any challenge for cause must make known to the court that a matter outside the presence of the jury is to be taken up, in which case any challenges will be determined by the court. Persons excused for cause will be replaced by persons from the random list and subjected to further voir dire. Thereafter, counsel will make alternate strikes by standing and announcing the name of the juror to be excused with each side having 3 strikes as permitted by the Rules. No alternates will be used, but the trial will continue with as few as 6 jurors if needed. Jury selection is expected to take no more than two hours. After the jury is sworn, preliminary instructions will be given by the court. Jurors are told that they will be permitted to take notes.

2. Opening statements must summarize objectively the key facts, without argument. Each side's opening statement should not exceed 20 minutes. If there is a likely dispute as to the admissibility of any evidence or exhibit, counsel must omit it from the opening statement or advise opposing counsel of the intent to refer to such evidence or exhibit, so that opposing counsel may seek a ruling from the court.

3. Questions to witnesses and argument to the court must be made from the lectern. In order to save time, it is preferred that exhibits be shown to witnesses electronically rather than physically. Exhibits must not be displayed to the jury until they have been admitted by the court.

4. All witnesses, other than the plaintiff and a representative of the defendant, will be excluded from the courtroom until called. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony given to the excluded witnesses by any person. Witnesses must be released from further attendance as soon as they are no longer needed. After testifying, a witness is deemed released unless counsel or the court indicates that the witness is not so excused. Counsel must be prepared to present witnesses for their testimony without undue delay.

5. All objections and other remarks to the court must be made while standing. Objections must be succinct and limited, such as "objection, hearsay." If argument is needed, the court will so indicate. Side bar or bench conferences will not normally be held, and argument outside of the presence of the jury will normally take place during regular recesses or before or after court sessions. Accordingly, counsel must anticipate any evidentiary questions or disputes and bring them to the attention of the court ahead of time.

6. Trial days will begin promptly at 9:00 a.m. and end at approximately 4:00 p.m. each day, with a luncheon break and breaks in the morning and afternoon.

7. Each party must be prepared to submit proposed jury instructions, as well as a proposed verdict form. Each instruction must be set forth on a separate page and bearing a citation of authority in support of the instruction. The proposed instructions must be filed as a group together with a cover sheet in pleading form. A copy of the proposed jury instructions and verdict form in Word format (not .pdf) must be emailed at the time of filing to jamesj@vawd.uscourts.gov.

8. The court will later determine and advise the parties of the permitted length of closing arguments. Prior to argument the court will conduct a conference and advise counsel of the substance of the jury instructions to be given. The instructions are given after closing arguments, but counsel may refer during closing arguments to the instructions later to be given. Counsel will be given an opportunity to make any objections to the instructions on the record. The court will send with the jury a written copy of the instructions for the jury's reference during deliberations.

        9.       The Box.com (Box) file-sharing platform will be used in the trial of this case. Box provides access to the evidence by the jury during deliberations, reducing the need for jurors to handle the exhibits, including documents, images, and video and audio files. Box is not designed to present evidence in the courtroom. Counsel will receive an invitation from Courtroom Deputy Clerk Felicia Clark, 276/628-5116, feliciac@vawd.uscourts.gov, providing additional information. All intended exhibits **must be uploaded** to Box no later than **5:00 p.m. three business days** before the first day of trial.

        ENTER: July 21, 2025

        /s/ JAMES P. JONES
        Senior United States District Judge