Case 1:22-cv-00002-JPJ-PMS   Document 87   Filed 07/22/25   Page 1 of 6
Pageid#: 1122

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 22, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| TONY McKENNA, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22CV00002 |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| POLICE CHIEF, BRISTOL VA. CITY POLICE DEPARTMENT, ET AL., | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Brittany M. Haddox*, HADDOX LAW, Salem, Virginia, and *Terry N. Grimes*, TERRY N. GRIMES, ESQ., P.C., Roanoke, Virginia, for Plaintiff; *John R. Fitzgerald*, GUYNN WADDELL, P.C., Salem, Virginia, for Defendants.

Prior to trial, the three remaining defendants have filed a joint Motion in Limine, seeking to preclude the plaintiff from calling experts to testify as to the plaintiff's alleged injuries resulting from the defendants' violation of his constitutional rights. For the reasons stated, I will grant the motion in part and deny it in part. I will also sua sponte limit the number of expert witnesses for the plaintiff.

I.

I previously ruled that the defendants, local police officers, did in fact violate the plaintiff's constitutional rights by entering his apartment, seizing him and arresting him without a warrant or probable cause. The experts in question are medical providers who treated the plaintiff for physical and mental injuries the plaintiff claims resulted from the police officers' conduct.

In their Motion in Limine, the defendants assert that the experts' testimony should be excluded because the plaintiff's Rule 26(a)(2) disclosures were insufficient, or alternatively, that the proffered testimony is inadmissible. Mem. Supp. Defs.' Mot. Exclude 1, ECF No. 75.

## II.

As to treating medical practitioners, the rules do not require the pretrial preparation of a report, but only a disclosure of the subject matter of the expected testimony as well as "a summary of the facts and opinions to which the witness[es] [are] expected to testify." Fed. R. Civ. P. 26 (a)(2)(C). These requirements are "considerably less extensive" than those required of witnesses employed to testify, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive as those who have." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes to 2010 amendment.

Rule 37(c) provides that if a party, without substantial justification, fails to disclose information required by Rule 26(a), unless such failure is harmless, the evidence shall be excluded, and in addition to or in lieu of this sanction, the court may impose alternative sanctions. Fed. R. Civ. P. 37(c)(1). In addition, the court should consider the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the

extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

III.

Judges have broad discretion in deciding whether to admit or exclude expert testimony under Federal Rule of Evidence 702. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–142 (1997). For expert testimony to be admissible, the witness may not rely upon subjective belief or speculation. *Small v. WellDyne, Inc.*, 927 F.3d 169, 177 (4th Cir. 2019). The court must ensure that an "expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993).

Moreover, the court has the discretion to limit the number of expert witnesses a party may use at trial, particularly cumulative testimony on the same subject, in order to save time and enhance jury focus. *See Gonzalez v. SeaWorld Parks & Enter. LLC*, No. 4:20cv27 (RCY), 2022 WL 263567, at *2 (E.D. Va. Jan. 27, 2022).

IV.

The plaintiff's Expert Witness Disclosures, as amended, disclose the following witnesses: Selena J. Payne, D.O., Laramie Triplett, M.D., and Derek White, D.O., all from Abingdon Physician Partners Primary Care Clinic; William B.

Haynes, Jr., a licensed professional counselor from Mountain Laurel Internal Medicine; and Imanuel Morenings, a chiropractor. Witnesses Payne, Triplett, and White disclose testimony as to both physical and mental symptoms; Witness Haynes discloses a mental health diagnosis and witness Morenings references a plan for chiropractic treatment. Morenings' disclosure does not indicate the causation of any injury but rather states only that he proposed a treatment plan for the plaintiff that would cost $4,000.

In addition to the disclosures, the defendants have been provided with 280 pages of medical records from the Abingdon Physician Partners Primary Care Clinic and a one-page letter from Morenings describing his plan of treatment. Mem. Supp. Defs.' Mot. Exclude Ex. B, ECF No. 75-2.

Objection is made to all of the disclosed witnesses, primarily on the ground that their brief disclosures are insufficient to show the cause of any of the plaintiff's injuries, even though the disclosures (other than from Morenings) do indicate that they resulted from the police officers' actions.

I find that the disclosures are adequate, even though barely, and that no sanctions are appropriate. The issue of causation in this case is relatively simple. The question appears to be whether the patient's report to the medical provider about the incident convinced the expert that the patient's symptoms were consistent with having been caused by the incident.

I further find that the predicted testimony, based on the evidence before me, other than that of Morenings, is admissible.

V.

Accordingly, it is **ORDERED** as follows:

1. The Motion in Limine, ECF No. 74, is DENIED in part and GRANTED in part;

2. The plaintiff may call as a witness <u>only one</u> of the following physicians: Selena J. Payne, D.O., Laramie Triplett, M.D., and Derek White, D.O. The plaintiff must give notice to opposing counsel of which witness is to be used no later than close of business, Thursday, July 24, 2025;

3. There being no disclosure that witness Morenings will testify as to causation and because his letter dated December 23, 2021, stating that the treatment plan described was directed to both the plaintiff's back and long-standing fibromyalgia problems, ECF No. 77-1, I find that the testimony by the witness would tend to confuse the jury. The witness Morenings will therefore be excluded;

4. The witness William B. Haynes, Jr., is <u>not</u> excluded; and

5. The court makes no other rulings prior to trial as to the testimony of these witnesses.

ENTER: July 22, 2025

/s/  JAMES P. JONES
Senior United States District Judge